

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-4282
Re: Is the $5.00 expended for elec-
trical work under the circumstances
set forth a proper charge of the
justice of the peace?

Your letter, requesting the opinion of this Department on the above stated question, reads as follows:

"Attached is a letter addressed to me by James A. Piperi, Justice of the Peace, Precinct #1, Court "B" of Galveston County, Texas, dated December 10th, 1941, from which you will note that it appears that he was called to hold an inquest at 3727 Avenue P½, in the City of Galveston. When he arrived at that address he found Arthur Trifon lying on the ground under the house; he was dead and was lying on his back across a copper pipe and an electric wire was across the pipe. In the situation which confronted Justice Piperi he deemed it advisable to call on some experienced person, who was familiar with electrical work. Therefore, he called the Southern Electric Company and a man was sent out to cut off the current and examine the wire and it appeared that it was a live wire which caused the men's death by his coming in contact therewith.

"The Justice of the Peace has been rendered a bill for $5.00 for services rendered by the Electric Company and our County Auditor declines to approve the $5.00 expenditure by the Justice of the Peace in his account for monthly statement rendered. The Justice of the Peace is on a fee basis.

"Vol. 24, Texas Jurisprudence, under the title 'Inquests', Sec. 2, p. 364, I find the following:

"'The justice may, when he deems it necessary, call in the county health officer to ascertain the cause of the death, or, if there is no such officer or if it is impracticable to secure his services, he may call in some regular physician to make an autopsy to determine whether the death was caused by violence, and if so, its nature and character. Such physician is entitled to a fee from the county for his services.'

"Of course, Galveston County has a health officer but this situation was one where experienced services were required to ascertain if the wire which was across the copper pipe was a 'live wire.' The house where this unfortunate man lost his life by electrocution is only a few feet high from the ground and it was necessary for the electrician to crawl under it. The charge for the services, rendered on Sunday, is reasonable and of that there can be no question and, unless the Justice of the Peace is himself an electrician it would seem that it would endanger his own life to have attempted to remove the wire or attempt to cut off the service.

"Justice Piperi has requested that I write you and request an opinion as to whether it is proper charge, which the Justice of the Peace may made under the provisions of Art. 3899,R.C.S., or within his general duties as corozer.

"My opinion is that the Article cited does not authorize such an expenditure, but, in as much as the Justice of the Peace acted within his official discretion, as well as the safety of his own person, it would seem reasonable that he should be permitted to include the $5.00 charge in his monthly statement of incidental expenses under the said Article."

The holding of an inquest upon dead bodies is comprehensively regulated by statute, namely, Articles,150, 151, 461, 968-989, Vernon's Annotated Code of Criminal Procedure. The question to be determined by the inquest is whether anyone is responsible for the death inquired into. (Boehme v. Sovereign Camp, Woodmen of the World, 64 S.W. 422)

Fees for the services of officers holding an inquest are provided by law. (Article 1053, Vernon(s Annotated Code of Criminal Procedure)

We think it is clear that none of the above mentioned statutes authorize the above mentioned expenditure.

Section a of Article 3899, Vernon's Annotated Civil Statutes, provides in part:

"At the close of each month of his tenure of office each officer named herein, who is compensated on a fee basis, shall make as part of the report now required by law, an itemized, sworn statement of all the actual and necessary expense incurred by him in the conduct of his office, such as stationary, stamps, telephone, premiums on official bonds, including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. . ."

It is our further opinion that the above mentioned statute (Article 3899) does not authorize the above mentioned expenditure. In construing this statute we think that the rule of ejusdem generis applies. The rule of ejusdem generis ordinarily limits the meaning of general words to things of the same class as those enumerated under them. (See Words & Phrases, Permanent Edition, Volume 14, pages 135-147, and the authorities cited therein)

In view of the foregoing authorities we respectfully answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed)  ARDELL WILLIAMS
                        Assistant

APPROVED JAN. 14, 1942

(Signed) GROVER SELLERS
First Assistant Attorney General

AW:AMM

APPROVED  OPINION COMMITTEE

By  B.W.B.  Chairman